UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SUSANNA MIRKIN AND BORIS MIRKIN<br><br>Individually and on Behalf of All Others Similarly Situated<br><br>                                        Plaintiffs,<br><br>                   v.<br><br>VIRIDIAN ENERGY, INC.,<br><br>                                        Defendant. | Case No.: 3:15-cv-01057 |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER

### INTRODUCTION

Four similar consumer class actions are presently pending in this District against Defendant Viridian Energy, Inc. and related entities ("Viridian") (collectively, the four actions are referred to as the "Related Actions"). The Related Actions are based on the same conduct, Viridian's residential energy marketing and sales practices, and involve the same or similar consumer claims that Viridian's practices are deceptive. The earliest of the Related Actions, *Sanborn v. Viridian Energy, Inc.*, 3:14-cv-01731-SRU, is an action on behalf of Connecticut and Massachusetts consumers that was assigned to Judge Underhill. The second action, *Steketee v. Viridian Energy, Inc.*, 3:15-cv-00585-SRU, which is brought by a class of New Jersey consumers was initially assigned to Judge Chatigny but was transferred to Judge Underhill as a related case. *See* Order dated April 27, 2015, annexed as Ex. A to the Decl. of Steven L. Wittels in Supp. of Mot. to Transfer (the "Wittels Decl.") (finding that the interests of justice warranted transfer). The action assigned to Your Honor is a New York consumer class action and was the third action filed. In the fourth action, *Hembling v. Viridian Energy, LLC*, 3:15-cv-01258-CSH, presently assigned to Judge Haight, plaintiffs from Maryland and New Jersey have similarly

requested that their action be assigned to Judge Underhill.  Notice of Related Cases, annexed as Wittels Decl. Ex. B.  Because consolidation before a single trial court is the most efficient manner to move these cases forward, Plaintiffs join the *Hembling* plaintiffs and respectfully submit this memorandum of law in support of their motion to transfer this action to Judge Underhill.

## ARGUMENT

There is ample authority for the assignment of related cases t a single court.  Rule 42(a) of the Federal Rules of Civil Procedure allows courts to consolidate actions when there are "common question of law or fact," and it empowers trial judges to do so to "avoid unnecessary costs or delay."  *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).  Likewise, Local Civil Rule 40(b) counsels that later filed related cases "should normally be transferred to the Judge having the earliest filed case."  Further, in addressing the very situation present here, the Manual for Complex Litigation advises as follows:

> Complex litigation frequently involves two or more separate but related cases.  All pending related cases or cases that may later be filed in the same court, whether or not in the same division, should be assigned at least initially to the same judge.  Pretrial proceedings in these cases should be coordinated or consolidated under Federal Rule of Civil Procedure 42(a), even if the cases are filed in more than one division of the court.

Manual for Complex Litigation, Fourth, § 10.123.

Indeed, the Supreme Court has long recognized a trial court's need "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *see also Smithkline Beecham Corp. v. Geneva Pharm., Inc.*, No. 00 Civ. 1393, 2001 WL 1249694, at *5 (E.D. Pa. Sept. 26, 2001) ("A court has broad discretion to consolidate actions involving common issues of law or fact for trial or pretrial purposes if it will facilitate the administration of justice"); *Romacho v.*

- 3 -

*Stanley*, 567 F. Supp 1417, 1419 n.2 (S.D.N.Y. 1983) (three separate trials before three separate judges involving common questions of law or fact "was a needless waste of judicial time and effort."). Generally, if a court determines that the proceedings involve a common party and common issues of fact or law, a consolidation motion will be granted unless the opposing party can show "demonstrable prejudice." *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Group, Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (quoting *Lavino Shipping Co. v. Santa Celia Co.*, 1972 A.M.C. 2454, 2456 (S.D.N.Y.)).

Here, the Related Actions clearly involve common issues of law and fact and no demonstrable prejudice will result from transfer. All four cases involve essentially the same parties – the various entities and executives who hold themselves out to the public as Viridian Energy,[1] and the consumers from various states where Viridian does business. All four cases challenge Viridian's deceptive marketing of its residential energy. *Compare* Wittels Decl. Exs. C to E (*Sanborn* Second Am. Compl. ¶ 2 – "Viridian entices residential customers to sign up for its service by offering low initial rates for electricity. When the "teaser rate" period expires, however, customers are rolled over into month-to-month variable rate plans with exorbitant rates[;]" *Steketee* Compl ¶ 2 – same; *Hembling* Compl. ¶ 1 – "Plaintiffs seek redress for Viridian's fraudulent marketing practices, as well as the Company's systematic breaches of its consumer contracts, concerning its variable rate energy plans throughout the nation.") *with Mirkin* Compl. ¶ 7 ("Viridian entices residential customers to sign up by offering low-cost green energy sold via short-term "teaser" fixed-rate plans that typically expire within six months.

---

[1] While *Sanborn*, *Steketee*, and the instant *Mirkin* case are directed at Defendant Viridian Energy, Inc., the *Hembling* case names as defendants Viridian Energy, LLC, Crius Energy Trust, and two individual Viridian executives. The difference in Viridian defendants, however, is immaterial. Both Viridian Energy, Inc. and Viridian Energy, LLC are based in the same Stamford, Connecticut headquarters, are both subsidiaries of Crius Energy Trust, and both do business as "Viridian Energy."

- 4 -

After these short term rate plans lapse, Viridian's unsuspecting customers are then automatically rolled over into a month-to-month variable rate plan with exorbitant energy rates that are neither affordable nor competitive.").

Finally, the legal issues in the Related Actions are so similar that it would be inefficient to have them adjudicated by multiple courts.  *See* Wittels Decl. Exs. C to E (*Sanborn* – alleging violations of Connecticut's consumer fraud law and common law breach of duty of good faith and fair dealing; *Steketee* –  violations of New Jersey's consumer fraud law and common good faith and fair dealing; *Hembling* – violations of Maryland's consumer fraud law, good faith and fair dealing, common law fraud, negligent misrepresentation, and unjust enrichment; *Mirkin* – violations of New York's consumer fraud law, a new New York energy consumer protection statute, and unjust enrichment).  In addition, as proposed class actions the parties in each of the Related Actions will be addressing the requirements of Rule 23, which will be most efficiently evaluated by a single court.  Indeed, because of the numerous overlapping legal and factual issues present in each of the Related Actions, transfer to Judge Underhill will expedite pretrial proceedings, avoid duplication, reduce expenses, prevent inconsistent rulings, and preserve judicial resources.

Moreover, the benefits of transfer are not diminished by any risks of prejudice, as none of the Related Actions have been substantially litigated.  Although the first-filed *Sanborn* case has involved some litigation, the *Sanborn* plaintiffs only recently filed an amended complaint in June and a scheduling order was entered on September 1, 2015.  *Steketee*, which was already transferred to Judge Underhill as a related case, is even less advanced.  In that case the plaintiff filed an amended complaint on September 15, 2015 following Judge Underhill's August 18, 2015 ruling on Viridian's dismissal motion.  On October 2, 2015 Viridian again moved to

dismiss the *Steketee* plaintiff's amended complaint.  The remaining two actions are in similarly early stages.  In the instant *Mirkin* action, Viridian filed a motion to dismiss on September 14, 2015 to which Plaintiffs have yet to respond.  In *Hambling* the plaintiffs' complaint was filed on August 21, 2015 and Viridian has yet to respond.  In short, due to the early stages of the four Related Actions no party will be prejudiced by transfer to Judge Underhill.

Finally, the transfer of the Related Actions to Judge Underhill finds substantial support among the parties.  The plaintiffs in the *Sanborn* and *Steketee* actions have consented to the transfer of this case to Judge Underhill.  Wittels Decl. ¶ 7.  Similarly, the plaintiffs in the *Hambling* action have expressed their support for consolidation by filing a Notice of Related Cases and requesting transfer to Judge Underhill.  Wittels Decl. Ex. B.  Although Viridian has not consented to having the Related Actions transferred, consolidation is highly likely to reduce Defendant's costs.  Viridian will benefit from the streamlined discovery afforded by a single court's management.  Indeed, a single judge presiding over multiple related cases and managing pre-trial proceedings will be uniquely situated to identify efficiencies and minimize duplication, which should greatly reduce Viridian's cost of mounting a defense.  Nevertheless, in light of the many benefits to transfer, the Related Actions' numerous factual and legal similarities, and the fact that the four similar consumer actions are all in early stages, Viridian cannot show demonstrable prejudice.

## CONCLUSION

The conditions for transfer have been met and the Court should exercise its discretion and reassign this case to Judge Underhill.

Dated: October 7, 2015
       New Haven, Connecticut

        By:    /s/ Steven L. Wittels, Esq.
              Steven L. Wittels, Esq.

Steven L. Wittels, Esq.
J. Burkett McInturff, Esq.
Tiasha Palikovic, Esq.
Wittels Law, P.C.
18 Half Mile Road
Armonk, NY 10504
Phone: (914) 319-9945
Facsimile: (914) 273-2563
e-mail: slw@wittelslaw.com
       jbm@wittelslaw.com
       tpalikovic@wittelslaw.com

*Lead Counsel for Plaintiffs and the Class*

Joseph D. Garrison, Esq.
Garrison, Levin-Epstein,
Richardson, Fitzgerald & Pirrotti, P.C
405 Orange Street, New Haven, CT 06511
Phone: (203) 777-4425
Facsimile: (203) 776-3965
e-mail: jgarrison@garrisonlaw.com

Daniel Hymowitz, Esq.
Andrey Belenky, Esq.
Hymowitz Law Group, PLLC
45 Broadway, 27th Floor
New York, NY 10006
Phone: 212-913-0401
Facsimile: (866) 521-6040
e-mail: daniel@hymowitzlaw.com
       abelenky@hymowitzlaw.com

*Co-Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed electronically this 7th day of October, 2015.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                              /s/  Steven L. Wittels__
                                                  Steven L. Wittels